IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-21-138 |
| RICHARD ALLAN BOYD, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Before this Court is the Defendant Richard Allan Boyd's Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 79), which was filed April 4, 2024, and his Motion to Reduce Sentence (ECF No. 83), which was filed on September 3, 2024. In brief, and for the reasons explained below, Defendant Richard Allan Boyd's Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 79) is DENIED; and Defendant Richard Allan Boyd's Motion to Reduce Sentence (ECF No. 83) is DENIED AS MOOT.

## BACKGROUND

On March 29, 2023, Boyd pled guilty to one count conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 (Count One) and two counts of violations of the International Emergency Economic Powers Act, in violation of 50 U.S.C. § 1705(a), (c) (Counts Twenty-Two and Twenty-Seven). (ECF No. 53.) While Boyd's Sentencing Guideline range was 57 months to 71 months of imprisonment, based on an offense level of 25 and a criminal history category of I, (ECF No. 64), as part of the plea agreement, the parties agreed to a sentencing range of 24 months to 36 months within the plea agreement. (ECF No. 53.) On July 11, 2023, this Court sentenced Boyd to 24 months as to Count One; 24 months as to

Count Twenty-Two, to run concurrently to the sentence imposed on Count One; and 24 months as to Count Twenty-Seven, to run concurrently to the sentences imposed on Counts One and Twenty-Two, for a total term of 24 months. (ECF No. 75.) Boyd was released from federal custody on May 23, 2025. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/# (search by register number 44162-059). Prior to his release, he filed the pending *pro se* motions (ECF Nos. 79, 83).

## ANALYSIS

Boyd's pending *pro se* motions[1] are discussed in turn below.

### I.  Amendment 821 Motion

Defendant Richard Allan Boyd first moves for a reduction of his sentence pursuant to Amendment 821 of the Sentencing Guidelines. (ECF No. 79.) Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing

---

[1] Defendant has filed his submissions *pro se*. Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part B to Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal defendants with no criminal history points—to obtain a two-level reduction of their offense level. U.S.S.G. § 4C1.1. To be eligible for this reduction, zero-point offenders must meet each of the criteria enumerated in the amendment. *Id.* § 4C1.1(a)(1)–(a)(10).

Here, while Boyd was a "zero-point offender," (ECF No. 64), the criteria set forth in U.S.S.G. § 4C1.1(a)(10) expressly precludes him from receiving a sentence reduction, as he received an adjustment under § 3B1.1 for his role as an "organizer, leader, manager, or supervisor" in the offense charged.[2] As such, his *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 79) is DENIED.

**II.    Motion to Reduce Sentence**

In his Motion to Reduce Sentence (ECF No. 83), Boyd requested that the last six to eight months of his sentence be served at a residential reentry program. While the motion was pending, Defendant was released. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/# (search by register number 44162-509). As such, the Court can no longer grant Defendant's requested relief. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

---

[2] Even if Boyd was eligible for the two-level reduction, which would bring his offense level to a 23, with his criminal history category remaining at I, his Sentencing Guideline range would be 46 months to 57 months imprisonment. In other words, he received a sentence—24 months' imprisonment—that was within the range prescribed by the Sentencing Guidelines.

The Fourth Circuit Court of Appeals has determined that requests for compassionate release under § 3582 are rendered moot when an inmate is released. *See United States v. Banks-Davis*, No. 21-6550, 2021 U.S. App. LEXIS 31869, 2021 WL 4936206, at *1 (4th Cir. Oct. 22, 2021) (citing *United States v. Chestnut*, 989 F.3d 222, 224–25 (2d Cir. 2021)); *see also United States v. Jackson*, No. 22-7140, 2023 U.S. App. LEXIS 19100, 2023 WL 4758733, at *1 (4th Cir. July 26, 2023) ("Because Jackson has already served his term of imprisonment, there is no longer a live controversy regarding the orders denying his motions for compassionate release and for reconsideration."). Accordingly, Defendant Richard Allan Boyd's Motion to Reduce Sentence (ECF No. 83) is DENIED AS MOOT.

## CONCLUSION

It is hereby ORDERED this 10th day of July, 2025, that:

(1) Defendant Richard Allan Boyd's Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 79) is DENIED; and

(2) Defendant Richard Allan Boyd's Motion to Reduce Sentence (ECF No. 83) is DENIED AS MOOT.

                                                            /s/
                                              Richard D. Bennett
                                              United States Senior District Judge